NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0782n.06

No. 15-3210

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Dec 03, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO |
| DANIEL T. AUSTIN, JR., | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: STRANCH, DONALD, and LIPEZ, Circuit Judges.[*]

PER CURIAM. Daniel T. Austin, Jr., a federal prisoner, appeals the 180-month sentence imposed following his guilty plea to a charge of being a felon in possession of a firearm and ammunition.

The district court sentenced Austin as an armed career criminal under 18 U.S.C. § 924(e) because he had three prior violent felony convictions: attempted aggravated burglary, felonious assault, and aggravated robbery with a firearm specification. Austin argued that one of the cases was improperly transferred from juvenile court, but the district court rejected that argument and sentenced Austin to the mandatory minimum sentence of 180 months.

Austin reasserts his argument on appeal and also argues that the holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015), finding the "residual clause" of § 924(e)

---

[*]The Honorable Kermit V. Lipez, Circuit Judge of the United States Court of Appeals for the First Circuit, sitting by designation.

unconstitutionally vague, renders his sentencing as an armed career criminal erroneous. The government concedes that *Johnson* controls and that the sentence must be vacated and the case remanded for resentencing. *See Griffith v. Kentucky*, 479 U.S. 314, 328 (1987) ("[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past."). Accordingly, we vacate Austin's sentence and remand the case to the district court for resentencing in light of *Johnson*.